UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AGUSTIN MARTINEZ MORENO, | ) | 1:09-cv-00447-BAK-GSA  HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS (Doc. 1) |
| | ) | |
| ROBERT J. HERNANDEZ, | ) | ORDER DIRECTING RESPONSE TO BE |
| | ) | FILED WITHIN THIRTY DAYS |
| Respondent. | ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on January 31, 2009. A preliminary review of the Petition, however, reveals that the may be untimely and should therefore be dismissed.

DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1

dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. This Order to Show Cause is intended to provide Petitioner with the notice mandated by the Ninth Circuit in Herbst.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on January 31, 2009,[1] and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

>    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>        (B) the date on which the impediment to filing an application created by

---

[1] The United States Supreme Court has held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom.* Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for purposes of analyzing the application of the AEDPA's one-year statute of limitations, the Court will consider the date Petitioner signed his petition as the operative filing date.

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The California Court of Appeal affirmed Petitioner's conviction on August 7, 2007. Petitioner did not file a petition for review. According to the California Rules of Court, a decision of the Court of Appeal becomes final thirty days after filing of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be taken to the California Supreme Court within ten days of finality. Cal. Rules of Court, Rule 8.500(e)(1). Thus, Petitioner's conviction would become final forty days after the Court of Appeal's decision was filed, or on September 16, 2007. Petitioner would then have one year from the following day, September 17, 2007, or until September 16, 2008, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As mentioned, Petitioner did not "file" his petition, under the mailbox rule, until January 31, 2009, over four months *after* the one-year limitation period had expired. Thus, unless Petitioner is entitled to some form of statutory or equitable tolling, the petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.

1  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
2  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations
3  omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
4  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
5  (9th Cir. 1999).
6  　　　　Nevertheless, there are circumstances and periods of time when no statutory tolling is
7  allowed.  For example, no statutory tolling is allowed for the period of time between finality of an
8  appeal and the filing of an application for post-conviction or other collateral review in state court,
9  because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.
10 Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of
11 a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a
12 federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120
13 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,
14 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already
15 run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)
16 ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the
17 state petition was filed.");  Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner
18 is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See
19 Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).
20 　　　　Here, Petitioner has indicated in his petition that he has not filed any state habeas petitions
21 regarding his conviction; accordingly, he is not entitled to any statutory tolling.
22 　　　　D.  Equitable Tolling
23 　　　　The limitation period is subject to equitable tolling when "extraordinary circumstances
24 beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland,
25 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When
26 external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely
27 claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d
28 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of

establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim for entitlement to equitable tolling. However, Petitioner initiated the case by filing a "Request [for] Permission to Proced [sic] In Late Petition For Writ of Habeas Corpus." (Doc. 1). In that motion, in which Petitioner acknowledges that the petition is untimely, he alleges that he is not fluent in English, that he is not skilled in the law, and that he was unaware of the one-year limitation period for filing a federal habeas petition. (Doc. 1, pp. 2-4). Taking these allegations as an implicit argument for equitable tolling, they must be rejected based on the present record.

A petitioner's ignorance of the law is not grounds for equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Moreover, Petitioner's claims of ignorance of the law and illiteracy in English are insufficient to justify equitable tolling. See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("Petitioner's alleged lack of legal sophistication also does not excuse the delay.") Petitioner's indigent status and limited legal knowledge are characteristics he shares with virtually all prison inmates and makes him no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Therefore, such circumstances are not extraordinary and do not justify equitable tolling. If limited resources and legal knowledge were an excuse for not complying with the limitations period, Congress would have never enacted the AEDPA since most incarcerated prisoners have these same problems. Nor does Petitioner's lack of fluency in English constitute a basis for applying the equitable tolling doctrine. Nguyen v. Mervau, 1998 WL 556628, *2 (N.D.Cal. Aug.24, 1998) (equitable tolling not justified based on "lack of fluency in the English

5

language and his alleged inability to find a jailhouse lawyer" where petitioner filed petition over six years after conviction became final and raised same claims as on direct appeal).  Accordingly, the Court finds no basis in the current record to apply equitable tolling principles.

However, in compliance with the Ninth Circuit's mandate, the Court will afford Petitioner the opportunity to respond to the Court's Order to Show Cause, by showing cause within thirty days why the petition should not be dismissed as untimely.

## **ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **June 3, 2009**                     **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE