UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AGUSTIN MARTINEZ MORENO, | ) | 1:09-cv-00447-BAK-GSA  HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS FOR VIOLATION OF |
| v. | ) | THE ONE-YEAR STATUTE OF |
| | ) | LIMITATIONS (Doc. 5) |
| | ) | |
| ROBERT J. HERNANDEZ, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND CLOSE FILE |
| Respondent. | ) | |
| | ) | ORDER DECLINING TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on February 3, 2009.[1] On March 23, 2009, Petitioner filed his written consent to the jurisdiction of the

---

[1] This case was commenced when Petitioner filed a Request for Permission to File a Late Petition for Writ of Habeas Corpus in the Sacramento Division of this Court on January 8, 2009. (Doc. 1). At that time, Petitioner had yet to actually file a petition for writ of habeas corpus. On January 21, 2009, the Magistrate Judge handling the case denied the request for permission to file a late petition without prejudice, but permitted Petitioner to file a habeas petition within thirty days that complied with the Rules of Court. (Doc. 3). On February 27, 2009, a petition was filed by Petitioner, containing a signature and date of January 26, 2009. (Doc. 5). However, the attached Proof of Service is signed and dated by Petitioner on February 3, 2009. (Doc. 5, p. 17). The United States Supreme Court has held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at

1

United States Magistrate Judge for all purposes. (Doc. 9). A preliminary review of the Petition suggested that the may be untimely and should therefore be dismissed. Accordingly, on June 6, 2009, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely, and affording Petitioner thirty days within which to file a response. (Doc. 12). To date, Petitioner has not chosen to file a response.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. Here, the Order to Show Cause dated June 3, 2009, provided Petitioner with the notice mandated by the Ninth Circuit in Herbst.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

---

2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for purposes of analyzing the application of the AEDPA's one-year statute of limitations, the Court will consider the date Petitioner signed the Proof of Service, i.e., February 3, 2009, as the operative filing date, since Petitioner could not have submitted the petition to prison authorities on January 26, 2009, and still have executed the Proof of Service on February 3, 2009.

1  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

2  (1997). The instant petition was filed on February 3, 2009, and thus, it is subject to the provisions of

3  the AEDPA.

4       The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

5  petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d)

6  reads:

7      (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

8      limitation period shall run from the latest of –

9      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

10

11      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

12

13      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

14

15      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

16      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

17      not be counted toward any period of limitation under this subsection.

18  28 U.S.C. § 2244(d).

19       In most cases, the limitation period begins running on the date that the petitioner's direct

20  review became final. The California Court of Appeal affirmed Petitioner's conviction on August 7,

21  2007. Petitioner did not file a petition for review. According to the California Rules of Court, a

22  decision of the Court of Appeal becomes final thirty days after filing of the opinion, Cal. Rules of

23  Court, Rule 8.264(b)(1), and an appeal must be taken to the California Supreme Court within ten

24  days of finality. Cal. Rules of Court, Rule 8.500(e)(1). Thus, Petitioner's conviction would have

25  become final forty days after the Court of Appeal's decision was filed, or on September 16, 2007.

26  Petitioner would then have one year from the following day, September 17, 2007, or until September

27  16, 2008, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

28  As mentioned, Petitioner did not "file" his petition, under the mailbox rule, until February 3, 2009,

over four months *after* the one-year limitation period had expired.  Thus, unless Petitioner is entitled to some form of statutory or equitable tolling, the petition is untimely and should be dismissed.

### C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner has indicated in his petition that he has not filed any state habeas petitions regarding his conviction. Accordingly, he has not established his entitlement to any statutory tolling under the AEDPA.

### D. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim for entitlement to equitable tolling. However, Petitioner initiated the case by filing a "Request [for] Permission to Proced [sic] In Late Petition For Writ of Habeas Corpus." (Doc. 1). In that motion, in which Petitioner acknowledges that the petition is untimely, he alleges that he is not fluent in English, that he is not skilled in the law, and that he was unaware of the one-year limitation period for filing a federal habeas petition. (Doc. 1, pp. 2-4). Taking these allegations as an implicit argument for equitable tolling, they must be rejected based on the present record.

A petitioner's ignorance of the law is not grounds for equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Moreover, Petitioner's claims of ignorance of the law and illiteracy in English are insufficient to justify equitable tolling. See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of

5

law unfortunate but insufficient to establish cause);  Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("Petitioner's alleged lack of legal sophistication also does not excuse the delay.") Petitioner's indigent status and limited legal knowledge are characteristics he shares with virtually all prison inmates and makes him no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Therefore, such circumstances are not extraordinary and do not justify equitable tolling.  If limited resources and legal knowledge were an excuse for not complying with the limitations period, Congress would have never enacted the AEDPA since most incarcerated prisoners have these same problems.  Nor does Petitioner's lack of fluency in English constitute a basis for applying the equitable tolling doctrine.  Nguyen v. Mervau, 1998 WL 556628, *2 (N.D.Cal. Aug.24, 1998) (equitable tolling not justified based on "lack of fluency in the English language and his alleged inability to find a jailhouse lawyer" where petitioner filed petition over six years after conviction became final and raised same claims as on direct appeal).  Accordingly, the Court finds no basis in the current record to apply equitable tolling principles.  Therefore, because the petition is untimely, it must be dismissed.

   E.   The Court Declines To Issue A Certificate Of Appealability.

   Moreover, the Court declines to issue a certificate of appealability in this case.  The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

///

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253.  This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (*quoting* <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has not shown an entitlement to federal habeas corpus relief.  Accordingly, the Court hereby ORDERS that Petitioner's request for a certificate of appealability is DENIED.

## **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus filed on February 3, 2009 (Doc. 5), is DISMISSED as being in violation of 28 U.S.C. § 2244(d)(1);

2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 7, 2010**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE