UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AGUSTIN MARTINEZ MORENO, | ) | 1:09-cv-00447-JLT HC |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | ) ) | (Doc. 16) |
| ROBERT J. HERNANDEZ, | ) ) | |
| Respondent. | ) ) ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on January 8, 2009, challenging a 2005 conviction in the Tulare County Superior Court for three counts of second degree murder and a resulting sentence of twenty-one years to life. (Doc. 1). On February 2, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4).

On June 3, 2009, the Court, after reviewing the petition, issued to Petitioner an Order to Show Cause why the petition should not be dismissed for violating the one-year limitation period in 28 U.S.C. § 2244(d). (Doc. 12). The Order to Show Cause gave Petitioner thirty days to respond; however, Petitioner filed no response. Accordingly, on January 7, 2010, the Court issued an order

dismissing the petition as untimely pursuant to 28 U.S.C. § 2244(d).  (Doc. 14).   Judgment was entered and the case closed on that same date.  (Doc. 15).   On February 1, 2010, Petitioner filed the instant motion for reconsideration.  (Doc. 16).

## DISCUSSION

The motion for reconsideration raises several points.  First, Petitioner explains that his "jailhouse lawyer," upon whom Petitioner relied for help with his federal petition, "kept getting into trouble" and was sent to administrative segregation, thus making himself unavailable to assist Petitioner.  (Doc. 16, pp. 1-2).  Second, Petitioner contends that "unpredictable" events contributed to his misfortune, i.e., his "jailhouse lawyer" failed to make a request for equitable tolling in the petition, and his court appointed state appellate counsel failed to file a petition for review in the California Supreme Court, thus leaving Petitioner to his own devices to exhaust his claims.  (Id.). Petitioner concludes by asserting that he has tried to act diligently, but has had to rely on others who had placed him in his current predicament.  (Id. at p. 2).   Such contentions are insufficient to justify relief from judgment.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.

1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for relief from judgment. He has not shown "mistake, inadvertence, surprise, or excusable neglect." Nor has he shown either the existence of newly discovered evidence or fraud. Petitioner does not contend that the judgment is either void or satisfied. Finally, Petitioner has not presented any other reasons justifying relief from judgment. The mere fact that Petitioner's "jailhouse lawyer" was unavailable to assist Petitioner due to that individual's own misconduct in prison, or that Petitioner's court-appointed lawyer failed to file a petition for review in the state high court, are simply insufficient to justify relief from judgment.

The petition was dismissed as untimely under the provisions of 28 U.S.C. § 2244(d). As such, Petitioner's complaint that his appellate lawyer did not file a petition for review in the California Supreme Court has no bearing upon the Court's determination that the petition was untimely. The issue was not whether Petitioner had exhausted his claims in state court, but, rather, whether the petition had been timely filed.

Petitioner's contention that his jailhouse lawyer was neither reliable nor available when he needed him is not sufficiently compelling to justify equitable tolling that would make the instant petition timely. The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, __S.Ct.__, 2010 WL 2346549 *9 (U.S.S.C. June 14, 2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under

3

1  AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066
2  (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases."
3  Miles, 187 F. 3d at 1107.
4        The mere fact that Petitioner's "helper" in prison was placed in administrative segregation
5  due to his own misconduct is not an "extraordinary circumstance" beyond Petitioner's control that
6  made it impossible to file the petition in a timely manner. The Ninth Circuit has held that the
7  miscalculation of the limitations period by a petitioner's counsel, *or his negligence in general*, do not
8  constitute extraordinary circumstances sufficient to warrant equitable tolling. Frye v. Hickman, 273
9  F.3d 1144, 1146 (9th Cir. 2001). If a licensed attorney's negligence does not constitute grounds for
10 equitable tolling, then the mere unavailability of a prison inmate acting as a "jailhouse lawyer" to
11 advise a petitioner is certainly not a proper basis to grant equitable tolling.
12       Additionally, pursuant to the Court's Local Rules, Petitioner has not provided "new or
13 different facts or circumstances claimed to exist which did not exist or were not shown upon such
14 prior motion, or what other grounds exist for the motion." Local Rule 230(j).
15       In sum, Petitioner has provided no evidence or circumstances that would satisfy the
16 requirements of Rule 60(b), and has otherwise failed to satisfy the requirements of that rule.
17 Therefore, his motion for relief from judgment will be denied.

## ORDER

19       Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc.
20 16), is DENIED

22 IT IS SO ORDERED.
23 Dated:   **June 21, 2010**　　　　　　　　　　　　　　　　　　　　 /s/ Jennifer L. Thurston
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE